UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRISTOPHER L. MORROW

VS.                              CRIMINAL ACTION NO. 3:12CV667TSL-FKB
                                 CIVIL ACTION NO. 3:10CR29TSL

UNITED STATES OF AMERICA


MEMORANDUM OPINION AND ORDER

This cause is before the court pursuant to Rules 4(b) and 5(a) of the Rules Governing § 2255 Proceedings in the United States District Courts.[1] Having considered the § 2255 motion of defendant Christopher L. Morrow, the court concludes that while consideration of several of the claims set out in the motion appear to be barred by the waiver contained in his plea agreement with the government, as a threshold matter, the government shall be required to respond to the putative claim that trial counsel

---

[1] Rule 4(b) provides:
The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 5(a) provides: "The respondent is not required to answer the motion unless a judge so orders."

rendered ineffective assistance of counsel with regard to defendant's decision to enter into the plea agreement.

On March 17, 2010, the grand jury returned a two-count indictment against Morrow, charging him with two counts of felon in possession of firearm. After entering a plea of not guilty before the magistrate judge, on June 10, 2010, Morrow, represented by Bradley A. Oberhousen, pled guilty to count two, pursuant to a written plea agreement. Significantly, the plea agreement provided that Morrow waived the right to appeal and to challenge his conviction and sentence *via* a § 2255 motion. On August 23, 2010, the court sentenced Morrow to a 115-month term of imprisonment. The court further imposed a three-year term of supervised release per count. Morrow appealed and on April 11, 2011, the Fifth Circuit dismissed the appeal for want of prosecution.

On September 19, 2012, Morrow filed this § 2255 motion. While the motion purports to set forth only one ground for relief, ineffective assistance of counsel, it actually charges that Oberhousen was deficient in several regards. Specifically, it recites:

> My attorney at the trial level did not properly explain to me what all would happen if I pled guilty. He did not explain to me and I did not fully understand that I could not appeal my case. He also did not explain the sentencing guidelines to me, or object to the application of the guidelines or how they would apply in my case. He did not object to the enhancements the

2

> Court imposed on me to increase my sentence. He did not
> research and object to the enhancements that greatly
> increased my sentence. Because of this, I received
> ineffective assistance of counsel and five months short
> of the maximum sentence that could be imposed on me.
> This was in violation of my constitutional rights and
> the Sixth Amendment to the United States Constitution.
> My attorney at trial was ineffective and his
> ineffectiveness caused me prejudice and to be sentenced
> just short of the statutory maximum.

The court first addresses the validity of Morrow's putative waiver of the right to pursue relief pursuant to § 2255. A waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld so long as the waiver is informed and voluntary. United States v. White, 307 F. 3d 366, 343-44 (5th Cir. 2002). A defendant's waiver, however, is subject to certain exceptions based on claims of ineffective assistance of counsel. United States v. Wilkes, 20 F. 3d 651, 654, (5th Cir. 1994). As is pertinent here, a defendant who has waived his right to file a § 2255 motion may raise claims of ineffective assistance of counsel which impact the validity of that waiver or the plea itself. United States v. Hollins, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

Here, liberally construing defendant's motion and supporting materials, Morrow has stated a claim that he received ineffective assistance of counsel with regard to the decision to enter into the guilty plea. As it is not plain to the court that Morrow is

not entitled to relief on this basis, at this time, the court will require the government to respond to this threshold issue only.[2]

Based on the foregoing, it is ordered that the government's response to the putative ineffective assistance of claim identified by the court is reset to December 28, 2012. Counsel for defendant shall provide to the government his affidavit addressing the claim identified above on or before November 26, 2012. Defendant's traverse, if any, is due on or before January 28, 2013.

---

[2] To be clear, the court does not, at this time, require a response to defendant's claims that counsel was ineffective with regard to sentencing. If defendant is unable to sustain his burden to demonstrate by the preponderance of the evidence that the plea agreement is invalid due to Oberhousen's ineffectiveness, then it is clear that the ineffective assistance claim related to sentencing is barred by the waiver, such that no further response from the government would be necessary. United States v. Cockrell, 720 F.2d 1423, 1426 (5th Cir. 1983) (movant "claiming ineffective assistance of counsel bears the burden of demonstrating by a preponderance of the evidence both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse."). At his change of plea hearing, having been sworn by the court, Morrow affirmed that he had not been coerced or otherwise induced to enter into his plea agreement. He further represented that his counsel had explained the plea agreement to him and that he understood its terms. Morrow, by signing the MOU, agreed to waive his right to appeal the conviction or sentence or to contest the conviction or sentence pursuant to § 2255. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting Blackledge v. Allison, 431 U.S. 63, 74-75, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)) (internal quotation marks omitted)("'Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings.'").

SO ORDERED this the 25th day of October, 2012.

                                              /s/Tom S. Lee
                                              UNITED STATES DISTRICT JUDGE