```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION


CHRISTOPHER L. MORROW

VS.                         CRIMINAL ACTION NO. 3:12CV667TSL-FKB
                            CIVIL ACTION NO. 3:10CR29TSL

UNITED STATES OF AMERICA
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Christopher L. Morrow for relief pursuant to 28 U.S.C. § 2255. Having considered the motion, the government's response thereto, defendant's traverse and the record, the court concludes that the motion is due to be denied based on the following.

On March 17, 2010, the grand jury returned a two-count indictment against Morrow, charging him with two counts of felon in possession of a firearm. After entering a plea of not guilty before the magistrate judge, on June 10, 2010, Morrow, represented by Bradley A. Oberhousen, pled guilty to count two, pursuant to a written plea agreement comprised of the "plea agreement" and the "plea supplement." Significantly, the plea agreement recites that Morrow waived the right to appeal and to challenge his conviction and sentence or the manner in which the sentence was imposed <u>via</u> a § 2255 motion. Specifically, the plea agreement states:

> 7. <u>Waivers.</u> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed [not more than 10 years in

>  prison], and being advised of Defendant's rights to
>  remain silent, to subpoena witnesses on Defendant's own
>  behalf, to confront the witnesses against Defendant; and
>  to appeal the conviction and sentence, in exchange for
>  the U.S. Attorney entering into this plea agreement and
>  accompanying plea supplement, hereby expressly waives
>  the following rights:
>
>      a.  <u>the right to appeal the conviction and sentence
>  imposed in this case, or the manner in which it was
>  imposed on the grounds set forth in Title 18, United
>  States Code, Section 3742, or on any ground whatsoever</u>,
>  and
>      b.  <u>the right to contest the conviction and
>  sentence or the manner in which the sentence was imposed
>  in any post-conviction proceeding, including but not
>  limited to a motion brought under Title 28, United
>  States Code, Section 2255</u>, and any type of proceeding
>  claiming double jeopardy or excessive penalty as a
>  result of any forfeiture order in this case.

(Emphasis added).  The plea agreement is signed by Morrow and his

counsel.  Immediately above the signature lines, both documents

contain the following language:

>  **Defendant and Defendant's attorney of record
>  declare that the terms of this plea supplement
>  have been:**
>      **1. READ BY OR TO DEFENDANT;**
>      **2. EXPLAINED TO DEFENDANT BY DEFENDANT'S
>         ATTORNEY;**
>      **3. UNDERSTOOD BY DEFENDANT;**
>      **4. VOLUNTARILY ACCEPTED BY DEFENDANT; AND**
>      **5. AGREED TO AND ACCEPTED BY DEFENDANT.**

    At the change of plea hearing, having sworn the defendant and

established his competency to enter a plea, the court apprised him

of the maximum possible sentence of ten years' incarceration and a

$250,000 fine.  The court then specifically asked defendant:

THE COURT: Has anybody threatened, coerced, harassed or intimidated you in any way to persuade you to come to court today to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Are you appearing voluntarily and of your own free will?

THE DEFENDANT: Yes, sir.

THE COURT: Have you entered into a plea agreement with the government?

THE DEFENDANT: Yes, sir.

THE COURT: Did you -- I asked you about your eighth grade education. Did you learn to read and write?

THE DEFENDANT: Yes, sir.

THE COURT: Did you read this agreement, or did you have your attorney go over it with you and help you understand it?

THE DEFENDANT: Both. Yes, sir.

THE COURT: Do you understand what is in this plea agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Have you signed it?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Oberhousen, as counsel for your client, did you go over the plea agreement with him, explain it to him if it was necessary, and also execute it?

MR. OBERHOUSEN: Yes, Your Honor.

THE COURT: Mr. Murray, will you state the main terms of the plea agreement?

MR. MURRAY: Your Honor, as part of the plea agreement and also the plea supplement, which the plea supplement

we would ask to be sealed, the defendant has agreed to waive certain rights, including the following: <u>The right to appeal the conviction and sentence or the manner in which the sentence is imposed on any ground whatsoever</u>; <u>the right to contest the conviction and sentence or the manner in which the sentence is imposed in any post conviction proceeding, including but not limited to a motion under 28 U.S.C. 2255</u> and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture in the case. . . .

THE COURT:  All right, sir.  After you complete your presentation, if you will hand it up, I will -- after interrogating the defendant, I will sign it.

MR. MURRAY:  At this time, the United States would ask the court to have the defendant personally confirm that he understands the terms of the plea agreement, including these waivers that the government has just outlined.

THE COURT:  You have heard Mr. Murray talk about your plea agreement.  Is that consistent -- what he says consistent with your understanding of your agreement with the government?

THE DEFENDANT:  Yes, sir.

THE COURT:  And I note in a supplement that's to be sealed, but I don't see any harm in it being on the record that the government has recommended a sentence in the lower 50 percent of the guideline range.  Do you understand first of all that I have not determined what the guideline range is and I could give you a sentence greater than the lower 50 percent of the guideline range, even up to the maximum provided by law?  Do you realize that?

THE DEFENDANT:  Yes, sir.

THE COURT:  I don't suggest that I plan to do that, because I often follow the government's recommendations.  But if I should give you a sentence that you don't like, do you realize that you won't then be able to withdraw your guilty plea and expect to have a trial?

THE DEFENDANT:  Yes, sir.

>THE COURT:  <u>You won't be able either to appeal that conviction or sentence because you have given that right up in the agreement you have made with the government</u>.
>
>THE DEFENDANT:  <u>Yes, sir</u>.
>
>THE COURT:  Very well. Then let the plea agreement be filed with the clerk and made a part of the record.

(Emphasis added). After the government set forth the facts which it intended to prove at trial and Morrow acknowledged the accuracy of the government's representations and admitted his guilt, the court accepted his guilty plea.

Per the Presentence Investigation Report, the guideline imprisonment range was 97 to 121 months, which reflected a three-level reduction for acceptance of responsibility on account of Morrow's decision to plead guilty. Over various objections lodged by Oberhausen, the court sentenced Morrow to a 115-month term of imprisonment with a three-year term of supervised release. Despite the appeal waiver in his plea agreement, Morrow, through new counsel, appealed, and on August 5, 2011, the Fifth Circuit dismissed the appeal on the government's motion seeking imposition of the appeal waiver.[1]

By his § 2255 motion and subsequently filed motion to amend his § 2255 motion, Morrow charges that Oberhausen rendered

---

[1] The court observed in its October 25, 2012 order that the Fifth Circuit had dismissed the appeal on April 11, 2011 for failure to prosecute. A further review of the record reveals that the appeal was reinstated but subsequently dismissed on the government's motion.

5

ineffective assistance of counsel is several ways.  Specifically, the motion as originally filed recites:

> My attorney at the trial level did not properly explain to me what all would happen if I pled guilty.  He did not explain to me and I did not fully understand that I could not appeal my case.  He also did not explain the sentencing guidelines to me, or object to the application of the guidelines or how they would apply in my case.  He did not object to the enhancements the Court imposed on me to increase my sentence.  He did not research and object to the enhancements that greatly increased my sentence.  Because of this, I received ineffective assistance of counsel and five months short of the maximum sentence that could be imposed on me.

After the court ordered the government to respond to defendant's allegations affecting the validity of the plea but before the government filed its response, defendant filed a motion for leave to amend his § 2255 motion, adding two additional claims.[2]  By this filing, Morrow charges that counsel failed to review an amended Presentence Investigation Report (PSIR) with him and promised that he would receive a 6.5 year sentence if he pled guilty.[3]  In sum, liberally construing Morrow's filings, he asserts three ineffective assistance claims which bear on the validity of the plea:  (1) Oberhausen failed to adequately explain

---

[2]  The court is persuaded that Morrow's motion to amend should be granted.  See United States v. Trevino, 554 Fed. Appx. 289, 293 (5th Cir. Feb. 10, 2014) (stating that leave to amend a § 2255 motion should be liberally granted).

[3]  By a February 2013 affidavit, filed simultaneously with his traverse, Morrow stated Oberhausen promised that if Morrow pled guilty, he would face "a guideline sentence of at least 24 months" on Count 2.  (Emphasis added).  The unsworn, unverified traverse states: "Counsel incorrectly told me that I only faced up to 24 months, by pleading guilty." (Emphasis added).  The claim related to Oberhausen's alleged promise of a specific sentence is addressed infra at pp. 12-15.

the effect of the appeal waiver; (2) Oberhausen failed to explain to him the effect that relevant conduct would have on his sentence calculation; and (3) Oberhausen induced him to plead guilty by promising a sentence of 6.5 years.  The remainder of Morrow's claims relate to Oberhausen's alleged failures following the plea agreement, such as his alleged failure to research and object to sentence enhancements set forth in the PSIR and to review an amended PSIR with him.

The government opposes Morrow's § 2255 motion.  It maintains that Morrow's ineffective assistance of counsel claims centering on Oberhausen's alleged insufficiencies which influenced Morrow's decision to plead guilty, and which arguably fall outside the § 2255 waiver, fail because defendant cannot make the requisite showing under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (holding that to prevail on an ineffective assistance claim, defendant must establish both deficient performance by his attorneys and prejudice therefrom). It further argues that Morrow's putative ineffective assistance of counsel claims arising post-change of plea hearing and related to sentencing are barred by the waiver of Morrow's right to file a § 2255 motion contained in the plea agreement.  The government is correct in both respects.

As set forth above, Morrow's plea agreement contained a waiver of both his right to appeal and his right to file a § 2255

motion. A waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld so long as the waiver is informed and voluntary. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1995) (enforcing defendant's knowing and voluntary waiver of § 2255 rights). This being said, however, claims of ineffective assistance of counsel which directly affect the validity of the waiver or the plea itself survive the waiver. United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (concluding that ineffective assistance of counsel claim survives appeal waiver "only when the claimed assistance directly affected the validity of the waiver or the plea itself"); see also United States v. Wilkes, 20 F. 3d 651, 654, (5th Cir. 1994) (waiver of right to seek § 2255 relief indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel); United States v. Hollins, 97 Fed. Appx. 477, 479 (5th Cir. 2004) (concluding that § 2255 waivers are valid, except when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum).

In order to prevail on a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test set out in Strickland v. Washington. That is, he must demonstrate (1) that counsel's performance was deficient in that it fell below an

objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064.  In context of a claim of ineffective assistance related to a plea agreement, "the 'prejudice' prong of the Strickland test for ineffective assistance of counsel requires that the defendant show 'that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  United States v. Kayode, 777 F.3d 719, 724 (5th Cir. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).  In evaluating the validity of a guilty plea, the court must decide "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  Hill, 474 U.S. at 56, 106 S. Ct. 366 (internal quotation marks and citation omitted).  A defendant's failure to establish either prong of the Strickland test warrants rejection of his claim.  Armstead v. Scott, 37 F.3d. 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709, 131 L. Ed. 2d 570 (1995)("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

Morrow urges that he would not have pled guilty if Oberhausen had adequately explained the appeal waiver and/or if Oberhausen had explained that the court would consider "relevant conduct," i.e, the conduct underlying the dismissed charge in count one, in arriving at his guideline range. According to Morrow, Oberhausen assured him that the court would not impose an illegal sentence (which Morrow defines as a sentence resulting from an incorrect application of the sentencing guidelines), such that after talking with Oberhausen, he was left with the impression that the appeal waiver in the plea agreement would bar his appeal only where "(1) It was a correct application of the sentencing guidelines; or (2) If the court gave [him] a non-guideline sentence," and would not bar an appeal of an illegal sentence.

A review of the record shows that Morrow was informed both in writing in the plea agreement and verbally in open court of the minimum and maximum penalties for the crime to which he was pleading guilty. Moreover, at the hearing, the government reviewed on the record the waivers contained in the plea agreement, which plainly stated that Morrow was waiving his right to appeal the sentence imposed by the court on any ground "whatsoever," and the court further explained to Morrow that it had the discretion to impose a penalty up to the maximum permitted by law and was not bound by the government's recommendation of a lesser sentence. Morrow, under oath, verbally indicated his

understanding of these conditions and proceeded to plead guilty to the charge as outlined in the plea agreement.  See United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001)("Solemn declarations in open court carry a strong presumption of verity.") (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1997)); United States v. Cothran, 302 F.3d 279, 282-84 (5th Cir. 2002) (affording "great weight to the defendant's statements at the plea colloquy."); United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) (stating defendant ordinarily may not refute his sworn testimony at a plea hearing while under oath)[4]; Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985)(observing that official documents, such as a written plea agreement, are "entitled to a presumption of regularity and are accorded great evidentiary weight.").  Considering the extensive disclosures to Morrow both in the plea agreement and in open court, together with the three-level departure that Morrow received as a result for acceptance of responsibility that he would not have received if he had chosen to proceed to trial, the court finds that Morrow cannot

---

[4]   A defendant's claim that counsel induced a defendant to plead guilty by guaranteeing a lesser sentence represents an exception to this axiom.  See Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir. 2002), overruled on other grounds, Glover v. United States, 531 U.S. 198, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001)(stating that where defendant shows that counsel induced plea by guaranteeing lesser sentence, guilty plea is not voluntary).  Morrow's claim that Oberhausen induced him to plead guilty based on the promise of a specific sentence is addressed infra at p. 12.

show prejudice required for a successful challenge of ineffective assistance of counsel. See Strickland, 466 U.S. at 692, 104 S. Ct. at 2067; United States v. Valdez, 578 Fed. Appx. 366 (5th Cir. Aug. 14, 2014) (concluding that district court did not err in dismissing § 2255 motion without evidentiary hearing where record reflected that despite any failure on counsel's part, defendant understood potential sentencing exposure and received three-level reduction for acceptance of responsibility for pleading guilty); United States v. Cosby, Nos. 3:13-CV-4611-D, 3:11-CR-081-D-1, 2014 WL 4814950 (N.D. Tex. Sept. 29, 2014) (rejecting defendant's ineffective assistance of counsel claim that he did not understand he was waiving his right to appeal based on record which demonstrated that plea was voluntary and that defendant was apprised of pertinent information regarding waiver). Accordingly, the court finds these claims of ineffective assistance to be without merit.

The court now turns to Morrow's claim that Oberhausen induced him to plead guilty by promising a sentence of either 6.5 years or 2 years. "Where a defendant can show that the court, the prosecutor or defense counsel induced his guilty plea by clearly and unequivocally guaranteeing a lesser sentence or some other specific leniency, the guilty plea is not voluntary unless the defendant receives that which he was promised." Daniel, 283 F.3d at 703; accord, United States v. Amaya, 111 F.3d 386, 389 (5th

12

Cir. 1997).  It is the defendant's burden to prove that "an actual promise or guarantee was made by showing: (1) the exact terms of the alleged guarantee; (2) exactly when, where and by whom the guarantee was made; and (3) the identity of any eyewitnesses to the guarantee." DeVille v. Whitley, 21 F.3d 654, 658 (5th Cir. 1994).  To prevail, a defendant must present independent indicia of the likely merit of his allegations, typically in the form of affidavits from reliable third parties establishing the terms of the alleged promise, the time and place of the promise, or the identity of any eyewitnesses to the promise.  See United States v. Merrill, 340 Fed. Appx. 976, 978 (5th Cir. Aug. 17, 2009) (citing United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998)). This is because a defendant's own affidavit, containing self-serving conclusional allegations, is insufficient to sustain his burden in light of his presumptively truthful prior testimony under oath.  Id. at 979; see also Davis v. Butler, 825 F.2d 892, 894 (5th Cir. 1987)(stating, "For [petitioner] to now contradict such a statement there must be independent indicia of the likely merit of the petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden.")(internal citations and quotation marks omitted).

Here, defendant offers only his own affidavit in support of this claim.  With regard to Oberhausen's alleged promise, he states, "Attorney Oberhausen, told me that if plead guilty, that I

13

would face a guidelines sentence of at least 24 months, based on the facts on Count 2." Morrow's affidavit is clearly insufficient to overcome his representations to the court under oath regarding his understanding of the possible sentence that he faced and the court's role in calculating and imposing that sentence. Accordingly, this claim likewise fails.

Finally, the court finds that Morrow's putative claims related to Oberhausen's alleged failures connected to his sentencing are barred by the waiver of his right to file a § 2255 motion contained in his plea agreement. As set forth above, at his change of plea hearing, having been sworn by the court, Morrow affirmed that he had not been coerced or otherwise induced to enter into his plea agreement. He further represented that his counsel had explained the plea agreement to him and that he understood its terms, including the rights which he was waiving. By signing the plea agreement and acknowledging the same in open court, Morrow agreed to waive his right to contest the conviction or sentence pursuant to § 2255 and accordingly, his remaining claims are barred by this waiver. <u>Cervantes</u>, 132 F.3d at 1110.

Based on all of the foregoing, it is ordered that Morrow's motion for relief pursuant to 28 U.S.C. § 2255 is denied. It is further ordered that Morrow's request for an evidentiary hearing is denied. <u>United States v. Reed</u>, 719 F.3d 369, 372 (5th Cir. 2013) (stating that defendant is entitled to evidentiary hearing

14

"only if he presents independent indicia of the likely merit of [his] allegations" and that "this requirement must be understood practically, in the context of the claim being presented. For example, when a defendant's allegations contradict his sworn testimony given at a plea hearing, we have required more than mere contradiction of his statements, typically specific factual allegations supported by the affidavit of a reliable third person.")(internal citations and quotations omitted).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 6th day of July, 2015.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE